IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON VOTROBEK,<br>Reg. No. 62966-019,<br><br>    Plaintiff,<br><br>v.<br><br>DEMETRIUS SANDERS, *et al.,*<br><br>    Defendants. | Civil Action No.<br>2:20cv823-RAH-CSC<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Plaintiff, an inmate at the Federal Prison Camp in Montgomery, Alabama, at the time of filing his complaint, challenges the constitutionality of actions by employees of the Federal Bureau of Prisons ("BOP") in implementing directives of the United States Attorney General for evaluating federal inmates for placement in home confinement under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). Those directives were set out in BOP memoranda instructing BOP officials to prioritize and increase the use of home confinement to reduce the impact of the COVID-19 pandemic on the federal prison system. Plaintiff seeks a preliminary injunction "placing [Plaintiff] in home confinement." Doc. 1 at 1, 68.

After reviewing Plaintiff's motion for preliminary injunction and complaint (Doc. 1), Defendants' special report (Doc. 20), and Plaintiff's additional submissions (*see* Doc.

24), the undersigned finds that Plaintiff's motion for preliminary injunction should be denied.

## II. DISCUSSION

The decision to grant or deny a preliminary injunction is within the sound discretion of the district court. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits of the complaint; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the moving party demonstrates each of the four prerequisites. *McDonald's Corp.*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the motion for preliminary injunction regardless of the party's ability to establish the other prerequisites. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Here, Plaintiff has not met his burden of showing a substantial likelihood of success on the merits. *See Palmer*, 287 F.3d at 1329. The relief sought by Plaintiff in this *Bivens* action—placement in home confinement—is not a remedy available from federal courts

(as opposed to the BOP). *See United States v. Sanchez,* No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (finding the "court lacks authority under the CARES Act to order the Bureau of Prisons to place [defendant] on home confinement. The BOP has the sole authority to do so under the Act."). Nor is it apparent that a federal officer in his individual capacity has the authority to grant injunctive relief as a lay individual. *See, e.g., Ziglar v. Abbasi,* 137 S. Ct. 1843, 1858 (2017). Further the expansion of *Bivens* into the matters for which Plaintiff seeks relief is disfavored by the Supreme Court. *See Johnson v. Burden*, 2019 WL 2949425, at *2 (11th Cir. July 9, 2019) (citing *Ziglar*). Finally, Plaintiff has not shown that Defendants' conduct in denying his requests for home confinement amounts to a knowing violation of the law. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Therefore, the motion for preliminary injunction should be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. 1) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **by August 12, 2021**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the

3

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of July, 2021.

      /s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE