IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON VOTROBEK, Reg. No. 62966-019, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEMETRIUS SANDERS, *et al.*, ) <br> ) <br> Defendants. ) | Case No 2:20-cv-823-RAH-CSC <br> (WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  BACKGROUND

On October 13, 2020, while an inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), Plaintiff Jason Votrobek filed this action under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] In his complaint (Doc. 1),[2] Votrobek alleges that employees of the Federal Bureau of Prisons ("BOP") and others named as Defendants[3] violated his constitutional rights by misapplying

---

[1] A "*Bivens* action" is a judicially created damages remedy designed to vindicate violations of constitutional rights by persons acting under color of federal law. *See Bivens*, 403 U.S. at 395–97.

[2] Document numbers are as designated on the docket by the Clerk of Court. Pinpoint citations are to the page numbers electronically affixed by the CM/ECF filing system and may not correspond to pagination as presented for filing.

[3] Votrobek names the following as Defendants: Demetrius Sanders (Case Manager, FPC Montgomery); Barry Briggs (Unit Manager, FPC Montgomery); Denise Rogers (Case Manager Coordinator, FPC Montgomery); Richard Dunbar (Associate Warden, FPC Montgomery); Walter J. Wood, Sr. (Former Warden, FPC Montgomery); Alan Cohen (Warden, FPC Montgomery); Jeffrey Keller (Regional Director, BOP); Hugh Hurwitz (Assistant Director - Reentry Service, BOP); Andre Matevousian (Assistant Director - Reentry Service, BOP); David Brewer (Acting Senior Deputy Assistant Director, BOP); Michael Carvajal (Director, BOP); and William Barr (United States Attorney General). (Doc. 1 at 1.)

the directives of the United States Attorney General when considering his request for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116–136, § 12003(b)(2) (2020). Those CARES Act directives were set out in memoranda instructing BOP officials to prioritize and increase the use of home confinement to reduce the impact of the COVID-19 pandemic on the federal prison system. (*See* Doc. 20 at 2.) Votrobek specifically clams that the BOP's denial of his home-confinement request violated his rights to due process and equal protection. (Doc. 1 at 11–45.) He seeks monetary damages and injunctive relief including an order directing the BOP to release him to home confinement. (*Id.* at 14, 68–69.)

Defendants have filed a special report and supporting evidentiary materials addressing Votrobek's claims. (Doc. 20.) According to Defendants, this case should be dismissed because Votrobek failed to exhaust the BOP's administrative remedy process before filing this *Bivens* action. (*Id*. at 10–13.)

After receiving Defendants' special report, the court allowed Votrobek to respond regarding the exhaustion issue. (Doc. 21.) The court cautioned Votrobek that his response should be supported by sworn affidavits or other appropriate evidentiary materials. (*Id*.) Votrobek asserts that he exhausted his administrative remedies and that, even if he did not exhaust, the administrative remedy process was "unavailable" to him, so that the exhaustion requirement should be waived in his case. (Doc. 24 at 15–28.)

In its order of December 8, 2020, the court notified the parties that the court may at any time after expiration of the time for Plaintiff to file a response to Defendants' special report and without further notice to the parties (1) treat the special report and any

supporting evidentiary materials as a dispositive motion and (2) after considering any response, rule on the motion in accordance with the law. (Doc. 21 at 4.) Pursuant to that disclosure, the court will treat Defendants' special report (Doc. 20) as a Motion to Dismiss and will recommend that the motion be granted due to Votrobek's failure to properly exhaust an administrative remedy available to him before initiating this *Bivens* action.

## II.  EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021). The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). A federal prisoner thus cannot bring a *Bivens* action until he has exhausted his administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit.").

Evaluating a motion to dismiss for failure to exhaust administrative remedies involves two potential steps:

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that

light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles v. Miami-Dade County Corr. and Rehab. Dep't*, 476 F. App'x 364 (11th Cir. 2012) (citations and internal quotations omitted). If the second step is required, the district court "may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Florida Dep't of Corrections*, 587 F. App'x 531, 535 (11th Cir. 2014). The Eleventh Circuit has expressly rejected the argument that disputed facts in the exhaustion context must be decided after trial. *Id*. at 534.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. And because exhaustion is mandated by statute, a court has no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998).

### III.   DISCUSSION

**A.   BOP's Administrative Remedy Process**

The BOP has established detailed regulations to set forth the procedure that federal inmates must follow before seeking relief from a district court:

- An inmate must first attempt to resolve his complaint informally with prison staff. *See* 28 C.F.R. § 542.13(a).

- If dissatisfied with prison staff's response, the inmate must submit a Request for Administrative Remedy to the warden using a "BP-9" form

4

within 20 days of the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

- The warden has 20 days to respond to the inmate's "BP-9." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the warden's response, the inmate must appeal within 20 days to the Regional Director using a "BP-10" form. *See* 28 C.F.R. § 542.15(a).

- The Regional Director has 30 days to respond to the inmate's "BP-10." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the Regional Director's response, the inmate must appeal within 30 days to the Office of the General Counsel ("the Central Office") using a "BP-11" form. *See* 28 C.F.R. § 542.15(a).

- The Central Office must respond to the inmate's "BP-11" within 40 days. *See* 28 C.F.R. § 542.18.

If at any stage of the process the inmate does not receive a response within the allotted time, he may consider the absence of a response to be a denial and proceed to the next level. *See* 28 C.F.R. § 542.18. The administrative remedy process is not completed until the Central Office responds on the merits or until expiration of the time allotted for such a response. (Doc. 20-1 at 4.)

**B.     Record of Votrobek's Administrative Remedies**

In a sworn declaration accompanying Defendants' special report, S. Allison-Love (BOP Senior Attorney at the U.S. Penitentiary in Atlanta) avers that she has access to official records maintained by the BOP and is familiar with the administrative remedy process for federal inmates set forth in BOP Program Statement 1330.18 and 28 C.F.R. part 542, Subpart B. (Doc. 20-1 at 2–3.) Allison-Love further states she is familiar with the BOP's SENTRY computer system, which contains institutional records tracking the

5

administrative remedies filed by inmates. (*Id*. at 3–4.) According to Allison-Love, Votrobek's institutional records for the relevant period reflect that, through November 23, 2020, while incarcerated at FPC Montgomery, Votrobek submitted several administrative remedies but always failed to properly exhaust the BOP's administrative remedy process. (*Id*. at 3–4.) Besides Allison-Love's declaration, Defendants' special reports contain copies of Votrobek's SENTRY administrative remedy log for the relevant period. (*Id.* at 11–14.) Those institutional records, together with the averments of Allison-Love, reflect the following regarding the remedies filed by Votrobek.

**Remedy No. 1037748:** On August 4, 2020, Votrobek submitted a BP-9 form to the warden of FPC Montgomery, designated as Remedy No. 1037748,[4] requesting placement in home confinement. (Doc. 20-1 at 4, 11.) The warden responded to Votrobek on August 7, 2020, advising him that he was reviewed for home confinement, but his request was denied because he did not have a qualifying medical condition. (*Id.*) On August 28, 2020, Votrobek submitted a BP-10 form to the Regional Director, appealing the warden's denial of Remedy No. 1037748. (*Id*. at 4, 12) The Regional Director did not respond to Votrobek's

---

[4] Administrative remedy requests are identified in the SENTRY database by the notation "F1" at the BP-9 level following the remedy identification number; by "R1" at the BP-10 level following the remedy identification number; and by "A1" at the BP-11 level following the remedy identification number. (*See* Doc. 20-1 at 3–4.) If amended or successive filings are submitted for a particular remedy at the same level, the numeral following the alphabetical letter will change accordingly. (*Id.*) For example, second filings of remedies with the warden, the Regional Director, or the Central Office are identified in SENTRY by the notations "F2," "R2," or "A2" following the remedy identification number. (*Id*.) For the sake of clarity and simplicity, this Recommendation does not contain the alphabetical notations following the identification numbers for the remedies filed by Votrobek.

6

BP-10 during the ensuing 30-day period allotted under 28 C.F.R. § 542.18. Votrobek did not appeal to the next level, *i.e.*, to the Central Office.

**Remedy No. 1040822**: On August 17, 2022, Votrobek submitted a BP-9 to the warden, designated as Remedy No. 1040822, asserting a complaint against staff at FPC Montgomery. (Doc. 20-1 at 5, 11.) That same day, the warden rejected the remedy, informing Votrobek that his request lacked specificity and should be corrected and resubmitted. (*Id*.) Votrobek resubmitted the rejected remedy on September 2, 2020, and the next day, the warden sent a response advising him that his allegations against prison staff had been reviewed in accordance with BOP policy. (*Id*. at 5, 13). Votrobek did not appeal to the next levels, *i.e.*, to the Regional Director and the Central Office.

**Remedy No. 1040825**: On August 17, 2020, Votrobek submitted a BP-9 to the warden, designated as Remedy No. 1040825, alleging discrimination by FPC Montgomery officials. (Doc. 20-1 at 5, 12.) That same day, the warden rejected Votrobek's remedy, informing him that it lacked specificity and should be corrected and resubmitted. (*Id*.) Votrobek did not resubmit the remedy, and he did not appeal to the Regional Director or the Central Office.

**Remedy No. 1044189**: On September 1, 2020, Votrobek submitted a BP-9 to the warden, designated as Remedy No. 1044189, requesting information about the BOP's home-confinement policy. (Doc. 20-1 at 5, 13.) The warden submitted a response to Votrobek on September 8, 2020, informing him that the information he requested was publicly available. (*Id*.) Votrobek did not appeal to the Regional Director or the Central Office.

C. **Votrobek Failed to Exhaust the BOP's Administrative Remedy Process.**

Based on the record, the court finds that Votrobek failed to properly exhaust the BOP's administrative remedy process for the remedies he submitted before filing this *Bivens* action. As for Remedy No. 1037748, Votrobek filed no BP-11 appeal to the Central Office after receiving no response from the Regional Director regarding his BP-10 appeal. Thus, the court finds he did not exhaust the administrative remedy process for Remedy No. 1037748. Regarding Remedies Nos. 1040822, 1040825, and 1044189, even assuming those remedies related to Votrobek's request for home confinement under the CARES Act, the record reflects that Votrobek filed no appeals to the Regional Director or the Central Office under those remedy numbers. Thus, he did not exhaust the administrative remedy process in any instance.

Votrobek claims that, notwithstanding information to the contrary in his SENTRY administrative remedy log, he filed timely BP-10 appeals to the Regional Director for Remedies Nos. 1040822, 1040825, and 1044189. (Doc. 24 at 15–16, 27.) Assuming that Votrobek filed such BP-10 appeals (which are not proved by the record), and assuming again that the appeals related to his request for home confinement under the CARES Act, there is no evidence that Votrobek timely appealed any decision by the Regional Director in the alleged BP-10 appeals via a BP-11 appeal to the Central Office, a requirement for exhaustion of the BOP's administrative remedy process. Votrobek says he filed BP-11 appeals to the Central Office for more than one of these remedies, but he acknowledges that such appeals were filed in January 2021—past the deadline for him to file BP-11 appeals for those remedies and over two months after he initiated this *Bivens* action. (*Id.* at

8

16.) Exhaustion is a precondition to filing a federal action, and a federal prisoner cannot bring a *Bivens* action until he has exhausted his administrative remedies. *Porter*, 534 U.S. at 524; *Higginbottom*, 223 F.3d at 1261.

Votrobek maintains that, if he did not exhaust his administrative remedies, it was because the "machinations" and "misrepresentations" of BOP officials thwarted him from doing so, rendering the administrative remedy process unavailable to him. (Doc. 24 at 17-20.) He argues that the exhaustion requirement should therefore be waived in his case. (*Id*.) However, Votrobek's allegations about the conduct of BOP officials remain in the realm of speculation. He fails to elaborate upon or prove any machinations or misrepresentations by BOP officials that prevented from exhausting the administrative remedy process. Therefore, the court finds he has not demonstrated that the administrative remedy process was unavailable to him.

Votrobek also suggests that the COVID-19 pandemic itself was a special circumstance that prevented him from pursuing his administrative remedies, so that he should be excused from the exhaustion requirement. (Doc. 24 at 17.) However, courts may not waive the exhaustion requirement based solely on the COVID-19 pandemic. *See Swain v. Junior*, 961 F.3d 1276, 1292 (11th Cir. 2020); *Valentine v. Collier*, 978 F.3d 154, 161 (5th Cir. 2020). *See also McClure v. White*, No. 5:20-CV-267-MTT-CHW, 2020 WL 4194992, at *3 (M.D. Ga. July 21, 2020); *Osterback v. Inch*, No. 1:20-CV-84-AW-GRJ, 2021 WL 2303130, at *2 (N.D. Fla. Feb. 25, 2021). Furthermore, Votrobek presents no facts showing a link between the COVID-19 pandemic and his failure to exhaust. The court

9

finds that his unsupported cursory assertions establish no basis for waiving the exhaustion requirement.

Because Votrobek failed to exhaust the BOP's administrative remedy process as set out at 28 C.F.R. §§ 542.10 through –.19, dismissal is warranted under 42 U.S.C. § 1997e(a). *See, e.g., Rand v. Sanders*, No. 2:20-cv-783-MHT-JTA, 2023 WL 5603187, at *5 (M.D. Ala. Aug. 3, 2023), report and recommendation adopted, No. 2:20-cv-783-MHT, 2023 WL 5597823 (M.D. Ala. Aug. 29, 2023) (denying request for placement in home confinement where inmate failed to exhaust); *see also Shivers*, 1 F.4th at 936. Further, the record indicates that the administrative remedy is no longer available to Votrobek because, after filing this action, he was released from FPC Montgomery and had a residential address. (*See* Doc. 28.) Dismissal of Votrobek's *Bivens* action with prejudice is therefore appropriate. *Bryant v. Rich*, 530 F.3d 1368, 1375 n.1 (11th Cir. 2008); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.   CONCLUSION

Accordingly, the Magistrate Judge hereby RECOMMENDS as follows:

1. Defendants' Motion to Dismiss (Doc. 20) be GRANTED because Votrobek failed to properly exhaust an administrative remedy available to him before initiating this civil action.

2. Votrobek's *Bivens* action be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Votrobek's failure to properly exhaust an administrative remedy previously available to him.

It is further ORDERED that the parties shall file any objections to this Recommendation by **February 23, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of February 2024.

    /s/ Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE